**JUDGE KOELTL**   08 CV 5844

**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
Attorney: Lawrence C. Glynn (LG 6431)
NH&S File No.:   12000118LCG



RECEIVED
JUN 27 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MACSTEEL INTERNATIONAL USA CORP.,

        Plaintiff,

-against-

M/V "GRIFFON", her engines, boilers, etc.,
GRIFFON SHIPPING LLC and
DAEBO SHIPPING CO. LTD.,

        Defendants.
-----------------------------------------------------------x

Case No.: 08 Civ. 5844 (JGK)

**VERIFIED**
**COMPLAINT**

    Plaintiff, Macsteel International USA Corp., by its attorneys, Nicoletti Hornig & Sweeney, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2.    At and during the times hereinafter mentioned, plaintiffs had and now have the legal status and principal place of business stated in Schedule "A" attached hereto and by this reference made a part hereof.

3. At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were and now are engaged as common carriers of merchandise by water and owned, operated, managed, chartered and controlled the above matter vessel(s) which is now, or will be within the jurisdiction of this Court during the pendency of this action.

4. On or about the dates and at the port of shipment stated in Schedule "B" attached hereto and by this reference made a part hereof, there was delivered to the vessel and defendants in good order and condition, the shipments described in Schedule "B", which said vessel and defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule "B".

5. Thereafter, the said vessel and defendants delivered plaintiff's shipment, however not at the port of destination described in Schedule "B" and the aforesaid shipment was short, missing and/or damaged.

6. By reason of the premises, the above named vessel and defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

7. Plaintiff was the consignee, owner, or underwriter of the shipment described in Schedule "B", and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

8. Plaintiff has duly performed all duties and obligations on its part to be performed.

9. By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $109,977.40.

WHEREFORE, plaintiff requests:

(a) That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

(b) That if defendants cannot be found within this district, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $109,977.40 with interest thereon and costs, the sum sued for in this Complaint;

(c) That judgment may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

(d) That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all singular the matters aforesaid, and this Court will be pleased to pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor, and

(e)     That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       June 27, 2008

>Yours, etc.,
>
>**NICOLETTI HORNIG & SWEENEY**
>Attorneys for Plaintiff
>
>By: _____
>Lawrence C. Glynn (LG 6431)
>Wall Street Plaza
>88 Pine Street
>New York, New York 10005
>(212) 220-3830
>NH&S File No.:    12000118LCG

## SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

1.  Plaintiff, Macsteel International (USA) Corporation, is a corporation existing under the laws of the State of New York with a principal place of business at 333 Westchester Avenue, White Plains, New York 10604.

**Defendants' Legal Status and Office and Place of Business:**

2.  Defendant, Griffon Shipping LLC, was and now is a corporation or other business entity organized and existing under and by virtue of foreign law, with an office and place of business at c/o c/o Eagle Shipping Int'l USA LLC, 477 Madison Avenue, New York, NY 10022.

3.  Defendant, Daebo Shipping Co. Ltd, was and now is a corporation or other business entity organized and existing under and by virtue of foreign law, with an office and place of business at 7th Floor Dongwon Bldg. #128-27, Dangju-Dong, Chongno, 110-759 Korea.

## SCHEDULE B

| | |
|---|---|
| Vessel: | M/V Griffon |
| Date of Shipment: | June 1, 2007 |
| Port of Shipment: | Xingang, China |
| Port of Discharge: | Houston |
| Consignee: | Macsteel. |
| Description: | Angles, Channels & Merchant Bar |
| Nature: | Seawater Rust & Physical Damage |
| Amount: | $109,877.40 |
| NH&S File No.: | 12000118 LCG |

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

LAWRENCE C. GLYNN, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and associated with the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the maters set forth in the Verified Complaint in the possession of deponent.

_____
Lawrence C. Glynn

Sworn to before me this
27th day of June, 2008

_____
Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20_10_

7